IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| AARON FEIZA | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ILLINOIS LAW ENFORCEMENT | ) | CASE NO. |
| TRAINING AND STANDARDS | ) | |
| BOARD("ILETSB"); Keith Calloway, | ) | |
| individually and in his capacity as | ) | |
| Executive Director of ILETSB; Sean | ) | |
| M. Smoot, in his official capacity as | ) | |
| Chairman of ILETSB; John | ) | |
| Idleburg, in his official capacity as | ) | |
| Vice Chairman of ILETSB; Mitchell | ) | |
| R. Davis III, in his official capacity | ) | |
| as a Board Member of ILETSB; | ) | |
| Ghida Neukirch, in her official | ) | |
| capacity as a Board Member of | ) | |
| ILETSB; Timothy Nugent, in his | ) | |
| official capacity as a Board Member | ) | |
| of ILETSB; J.W. Price, in his official | ) | |
| capacity as a Board Member of | ) | |
| ILETSB; Richard Watson, in his | ) | |
| official capacity as a Board Member | ) | |
| of ILETSB; Iris Y. Martinez, in her | ) | |
| official capacity as a Board Member | ) | |
| of ILETSB; Thomas Dart, in his | ) | |
| official capacity as a Board Member | ) | |
| of ILETSB; Rob Jeffreys, in his | ) | |
| official capacity as a Board Member | ) | |
| of ILETSB; Brendan Kelly, in his | ) | |
| official capacity as a Board Member | ) | |
| of ILETSB; and Kwame Raoul, in | ) | |
| his official capacity as a Board | ) | |
| Member of ILETSB, | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**VERIFIED COMPLAINT FOR INJUNCTIVE & DECLARATORY RELIEF**

1

NOW COMES Plaintiff, Aaron Feiza, by and through his attorneys, Karlson Garza McQueary LLC, against Defendants, Illinois Law Enforcement Training and Standards Board ("ILETSB"), Keith Calloway (individually and in his capacity as Executive Director of ILETSB), Sean M. Smoot (in his official capacity as Chairman of ILETSB), John Idleburg (in his official capacity as Vice Chairman of ILETSB), Mitchell R. Davis III (in his official capacity as a Board Member of ILETSB), Ghida Neukirch (in her official capacity as a Board Member of ILETSB), Timothy Nugent (in his official capacity as a Board Member of ILETSB), J.W. Price (in his official capacity as a Board Member of ILETSB), Richard Watson (in his official capacity as a Board Member of ILETSB), Iris Y. Martinez (in her official capacity as a Board Member of ILETSB), Thomas Dart (in his official capacity as a Board Member of ILETSB), Rob Jeffreys (in his official capacity as a Board Member of ILETSB), Brendan Kelly (in his official capacity as a Board Member of ILETSB), and Kwame Raoul (in his official capacity as a Board Member of ILETSB), and for his cause of action states as follow:

## JURISDICTION AND VENUE

1.  This action arises under the United States Constitution, particularly under the provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States, and under 42 U.S.C. §1983 and §1988.

2.  This Court has jurisdiction over these claims pursuant to 28 U.S.C. §1331, §1343, and §1367.

3.  A substantial part of the acts complained of herein occurred in Kane County, Illinois. Venue is proper under 28 U.S.C. §1391(b).

4.  Several Defendants reside in Cook and Lake County, Illinois; all Defendants reside in the State of Illinois. Venue is proper under 28 U.S.C. §1391(b).

## PARTIES

5.  Defendant, ILLINOIS LAW ENFORCEMENT TRAINING AND STANDARDS BOARD ("ILETSB"), is an administrative agency created by the statutes of the State of Illinois and has exclusive statutory authority over the certification and decertification of full-time law enforcement officers in the State of Illinois.

6.  Plaintiff, AARON FEIZA ("Plaintiff" or "Feiza"), is employed by the Kane County Sheriff as a deputy sheriff and was certified as a "full-time law enforcement officer" and "permanent law enforcement officer" (as defined by 50 ILCS 705/2) by ILETSB, is a citizen of the State of Illinois, and resides in Kane County, Illinois.

7.  At all times, Plaintiff was a member of the Metropolitan Alliance of Police ("MAP") and was covered by a collective bargaining agreement ("CBA") between MAP and the County of Kane and Kane County Sheriff ("Joint Employers").

8.  Defendant, KEITH CALLOWAY ("Director Calloway"), is the Executive Director of ILETSB.

9.  On information and belief Director Calloway is a citizen of the State of Illinois and resides in Cook County, Illinois

10. Defendant, SEAN M. SMOOT ("Chairman Smoot"), is the Chairman of ILETSB, is a citizen of the State of Illinois, and resides in Sangamon County, Illinois.

11. Defendant, JOHN IDLEBURG ("Vice Chair Idleburg"), is the Vice Chairman of ILETSB, is a citizen of the State of Illinois, and resides in Lake County, Illinois

12. Defendant, MITCHELL R. DAVIS III, is a Board Member of ILETSB, is a citizen of the State of Illinois, and (on information and belief) a resident of Cook County, Illinois.

13. Defendant, GHIDA NEUKIRCH, is a Board Member of ILETSB, is a citizen of the State of Illinois, and (on information and belief) a resident of Lake County, Illinois.

14. Defendant, TIMOTHY NUGENT, is a Board Member of ILETSB, is a citizen of the State of Illinois, and a resident of Kankakee County, Illinois.

15. Defendant, J.W. PRICE, is a Board Member of ILETSB, is a citizen of the State of Illinois, and (on information and belief) a resident of Woodford County, Illinois.

16. Defendant, RICHARD WATSON, is a Board Member of ILETSB, is a citizen of the State of Illinois, and a resident of Saint Clair County, Illinois.

17. Defendant, IRIS Y. MARTINEZ, is a Board Member of ILETSB, is a citizen of the State of Illinois, and a resident of Cook County, Illinois.

18. Defendant, THOMAS DART, is a Board Member of ILETSB, is a citizen of the State of Illinois, and a resident of Cook County, Illinois.

19. Defendant, ROB JEFFREYS, is a Board Member of ILETSB, is a citizen of the State of Illinois, and (on information and belief) a resident of Sangamon County, Illinois.

20. Defendant, BRENDAN KELLY, is a Board Member of ILETSB, is a citizen of

the State of Illinois, and (on information and belief) a resident of Sangamon County, Illinois.

21. Defendant, KWAME RAOUL, is a Board Member of ILETSB, is a citizen of the State of Illinois, and (on information and belief) a resident of Cook County, Illinois.

22. David O. Brown, left his position as Superintendent of the Chicago Police Department. On information and belief, Brown's position has not been filled. As such, the Chicago Police Superintendent position on the ILETSB Board is currently vacant.

## FACTS COMMON TO ALL COUNTS

23. To be a "full-time law enforcement officer" and "permanent law enforcement officer" in the State of Illinois, a person must obtain and retain certification from ILETSB. 50 ILCS 705/6.

24. ILETSB is an administrative agency created by the Illinois Police Training Act, 50 ILCS 705.

25. By virtue of being an Illinois administrative agency, ILETSB has "no inherent or common law power and may only act in accordance with the power conferred upon it by the legislature." *Austin Gardens, LLC v. City of Chicago Dep't of Admin. Hearings*, 2018 IL (App) (1st) 163120, ¶18.

26. ILETSB may only act through its Board or as otherwise dictated by statute.

27. Under the Illinois Police Training Act ("Act"), 50 ILCS 705/1 *et seq*, the ILETSB Board may decertify officers for "convictions" of a felony or certain misdemeanors.

28. Under the Act, there are three different types of decertification ILETSB has

jurisdiction over: Discretionary Decertification, Emergency Suspension, and Automatic Decertification.

29. Discretionary Decertification provides, following a full investigation into the alleged misconduct, the Board may file a formal complaint against the officer, triggering an evidentiary hearing to consider whether to decertify. 50 ILCS 705/6.3.

30. The Board may issue an "emergency order of suspension" when a certified officer is indicted or charged with a felony. 50 ILCS 705/8.3.

31. Once ILETSB issues an emergency order of suspension, the officer has the right to a hearing to consider the suspension. 50 ILCS 705/8.3.

32. Automatic decertification of a law enforcement officer only occurs when an officer has "been convicted of, found guilty of, entered a plea of guilty to, or entered a plea of nolo contendere to, a felony offense under the laws of this State or any other state which if committed in this State would be punishable as a felony." 50 ILCS 705/6.1(a).

33. Historically, police officers could be "automatically decertified" only if they were convicted of a felony or certain disqualifying misdemeanors.

34. Effective January 1, 2022, as part P.A. 101-652 (commonly known as the "SAFE-T Act") the "automatic decertification" portion of the Illinois Police Training Act was amended to include 50 ILCS 705/6.1(a-1), which allows ILETSB's Board to impose "automatic decertification" even though a police officer was never convicted of any felony, misdemeanor, or crime.

35. To Plaintiff's knowledge, prior to this action, 50 ILCS 705/6.1(a-1) has not been

challenged in any court.

36. 50 ILCS 705/6.1 states, for purposes of "automatic decertification", "a person is 'convicted of, or entered a plea of guilty to, plea of nolo contendere to, found guilty of regardless of whether the adjudication of guilt or sentence is withheld or not entered thereon. This includes sentences of supervision, conditional discharge, or first offender probation, **or any similar disposition provided for by law**." (emphasis added).

37. A dismissal of charges is not a "sentence."

38. As referenced in Section 6.1(a-1) of the Act, "supervision, conditional discharge, or first offender probation" all require a criminal defendant to enter a plea of guilty or for a court to enter a finding of guilt.

39. If a citizen does not complete the terms of "supervision, conditional discharge, or first offender probation" they return to the Court for a "violation hearing" or resentencing – they may not challenge their guilt.

40. Inherently, the terms of "supervision, conditional discharge, or first offender probation" require citizens to waive their right to contest their guilt.

41. A deferral of prosecution does not require citizens to waive their right to have the state prove they are guilty of a crime beyond all reasonable doubt.

42. A deferral of prosecution does not require a plea of guilty or finding of guilt and Plaintiff believed he would retain his certification based upon the manner by which his criminal case was disposed.

43. If a citizen does not complete the terms of a deferral agreement, they are still empowered to challenge evidence and assert they are not guilty of the crimes of which

they are accused.

44. Dismissal of charges as part of a deferral agreement does not require a factual basis be submitted to a court; it does not require a stipulation of facts; and it does not require an admission of guilt.

45. As there is no plea of guilty or finding of guilt, a deferral of prosecution or dismissal of criminal charges is not a "similar disposition provided for by law" as compared to "supervision, conditional discharge, or first offender probation."

46. There is no factual basis to establish what, if any, disqualifying criminal offense Plaintiff engaged in.

47. There is no pre-deprivation hearing prior to the imposition of "automatic decertification" of an Illinois law enforcement officer.

48. There is no post-deprivation remedy for "automatic decertification" of an Illinois law enforcement officer.

49. Without action by the ILETSB Board, the ILETSB Executive Director has no authority to decertify any peace officer.

50. Plaintiff was arrested on December 4, 2019, and charged with a felony in Kane County, Illinois, for an offense allegedly occurring in February 2019.

51. Without pleading or being found guilty, Plaintiff entered into a deferral of prosecution agreement on July 28, 2022.

52. A true and accurate copy of the deferred prosecution agreement is attached hereto as "Exhibit A."

53. On August 1, 2022, the trial court entered a "deferred prosecution order."

54. A true and accurate copy of the deferred prosecution order is attached hereto as "Exhibit B."

55. With no documented approval by the ILETSB Board, on September 7, 2022, Plaintiff was automatically decertified by Director Calloway from being a law enforcement officer in the State of Illinois.

56. A true and accurate copy of Executive Director Calloway's September 7, 2022, letter of decertification is attached hereto as "Exhibit C."

57. Director Calloway's "automatic decertification" of Plaintiff was solely based upon the language, "or any similar disposition provided for by law" contained in 50 ILCS 705/6.1(a-1). (See Exhibit C).

58. By operation of Director Calloway's decertification, Plaintiff is forbidden from working as a Kane County Sheriff's deputy or a full-time law enforcement officer anywhere in Illinois.

59. On September 12, 2022, Plaintiff, by counsel, demanded a hearing to contest his decertification.

60. A true and accurate copy of Plaintiff's attorney's September 12, 2022, letter to Executive Director Callow is attached hereto as "Exhibit D."

61. On October 12, 2022, Executive Director Calloway responded to Plaintiff's demand for a hearing.

62. A true and accurate copy of Executive Director Calloway's October 12, 2022, response is attached hereto as "Exhibit E."

63. Plaintiff was never convicted of, or pled guilty to, any disqualifying felony or

misdemeanor.

64. In fact, on December 19, 2022, the criminal charges against Plaintiff were dismissed/nolle prosequi.

65. A true and accurate copy of the trial court's, December 19, 2022, order is attached hereto as "Exhibit F."

66. On December 19, 2022, the trial court vacated all prior agreements relating to the charges against Plaintiff, rendering the July 28, 2022, deferral agreement void.

67. By letter, on January 18, 2023, despite having knowledge of Exhibit F, ILETSB refused to reinstate Plaintiff's certification.

68. A true and accurate copy of ILETSB's January 18, 2023, letter is attached hereto as "Exhibit G."

69. 50 ILCS 705/6.3 provides a "discretionary decertification" process separate and apart from the "automatic decertification" used by Defendants to decertify Plaintiff.

70. The "discretionary decertification" process outlined in Section 6.3 of the Act provides both a pre-deprivation hearing and a post-deprivation remedy.

71. As of the date of the filing of this Complaint, Defendants never initiated the "discretionary decertification" process in regard to Plaintiff's certification as a full-time law enforcement officer.

72. Plaintiff never received a pre-deprivation hearing.

73. Defendants have refused to provide Plaintiff a post-deprivation hearing or remedy.

74. Executive Director Calloway had no authority to decertify Plaintiff.

75. ILETSB took no official action, in accordance with the Open Meeting Act, to empower Executive Director Calloway to decertify Plaintiff.

76. Executive Director Calloway's decertification of Plaintiff has caused Plaintiff to not be able to work in a common occupation of the community – a full-time police officer.

77. It is appropriate for the Court to issue injunctive relief because: (1) Plaintiff has a reasonable likelihood of success on the merits; (2) no adequate remedy at law exists; (3) Plaintiff will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction Plaintiff seeks will not harm the public interest.

## COUNT I – SUBSTANTIVE DUE PROCESS – 5th & 14TH AMENDMENTS

78. Plaintiff incorporates and realleges paragraphs 1-77 of his Complaint as if fully set forth herein.

79. This Count is brought against all Defendants.

80. This Count is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of State law of the rights and privileges secured by the Fifth and Fourteenth Amendments of the United States Constitution.

81. Plaintiff has a property and liberty interest in his right to be compensated, continued employment, and good reputation as a certified full-time law enforcement officer.

82. A police officer is a "common occupation of the community." *Bigby v. City of Chicago*, 766 F.2d 1053, 1057 (7th Cir. 1985).

83. Plaintiff has a fundamental right to pursue his chosen occupation.

84. At all times relevant, Defendants were acting under color of State law.

85. By Defendants' continued decertification of Plaintiff and the denial to hold any hearing, Defendants, under color of state law, violated Plaintiff's right to substantive due process as guaranteed by the Fifth and Fourteenth Amendment to the United States Constitution.

86. 50 ILCS 705/6.1(a-1) is unconstitutional as applied to Plaintiff because the term "any similar disposition provided for by law" does not apply to a person who never pled guilty or was found guilty.

WHEREFORE, Plaintiff seeks the following relief as to Count I of his Complaint:

a. That this Court enter an order compelling Defendants to reinstate Plaintiff's certification as a full-time law enforcement officer;

b. That this Court declare 50 ILCS 705/6.1(a-1) is void for vagueness and unconstitutional on its face;

c. That this Court declare 50 ILCS 705/6.1(a-1) violates Plaintiff's liberty and property interest in his chosen occupation of law enforcement officer;

d. That this Court declare Defendants' refusal to hold a hearing considering Plaintiff's decertification deprived Plaintiff of his Substantive Due Process rights under the Fifth and Fourteenth Amendments;

e. That this Court enter an order compelling Defendants to reinstate Plaintiff's certification as a full-time law enforcement officer;

f. That this Court declare 50 ILCS 705/6.1(a-1) is void for vagueness and

unconstitutional on its face;

g. That this Court declare 50 ILCS 705/6.1(a-1) is unconstitutional as applied to Plaintiff;

h. That this Court award attorney fees and costs of this action; and

i. Any further relief this Honorable Court deems just and equitable.

## COUNT II – VOID FOR VAGUENESS – 5th & 14TH AMENDMENTS

87. Plaintiff incorporates and realleges paragraphs 1-86 of his Complaint as if fully set forth herein.

88. This Count is brought against all Defendants.

89. 50 ILCS 705/6.1(a-1) is unconstitutional on its face because it is so vague and ambiguous an ordinary citizen would not understand what "any similar disposition provided for by law" means.

90. The Act and applicable administrative rules do not define the term, "or any similar disposition provided for by law" (as contained in 50 ILCS 705/6.1(a-1)).

WHEREFORE, Plaintiff seeks the following relief as to Count II of his Complaint:

a. That this Court declare 50 ILCS 705/6.1(a-1) violates Plaintiff's liberty interest in his chosen occupation of law enforcement officer;

b. That this Court declare Defendants' refusal to hold a hearing considering Plaintiff's decertification deprived Plaintiff of his Substantive Due Process rights under the Fifth and Fourteenth Amendments;

c. That this Court enter an order compelling Defendants to reinstate Plaintiff's certification as a full-time law enforcement officer;

d. That this Court declare 50 ILCS 705/6.1(a-1) is void for vagueness and unconstitutional on its face;

e. That this Court declare the portion of 50 ILCS 705/6.1(a-1) reading "or any similar disposition provided for by law" is void for vagueness and unconstitutional on its face;

f. That this Court declare 50 ILCS 705/6.1(a-1) is unconstitutional as applied to Plaintiff;

g. That this Court award attorney fees and costs of this action; and

h. Any further relief this Honorable Court deems just and equitable.

## COUNT III - PROCEDURAL DUE PROCESS – 5th & 14TH AMENDMENTS

91. Plaintiff incorporates and realleges paragraphs 1-90 of his Complaint as if fully set forth herein.

92. This Count is brought against all Defendants.

93. This Count is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of State law of the rights and privileges secured by Fifth and Fourteenth Amendments of the United States Constitution.

94. The alleged criminal conduct at issue causing ILETSB's decertification occurred before the effective date of the Section 6.1(a-1).

95. Defendants violated Plaintiff's right to procedural due process of law guaranteed under the Fifth and Fourteenth Amendments of the United States Constitution by its failure to provide any process by which Plaintiff can appeal its decision to decertify.

96. As a direct and proximate result of Defendants' denial of any pre-deprivation or post-deprivation procedures, and unlawfully applying the Act retroactively, Plaintiff suffered substantial and irreparable harm, including loss of income, health insurance, pension creditable service, damage to his reputation, and his ability to work in his chosen occupation as a law enforcement officer.

WHEREFORE, Plaintiff seeks the following relief as to Count III of his Complaint:

a. That this Court declare Defendants' refusal to hold a hearing considering Plaintiff's decertification deprived Plaintiff of his Procedural Due Process rights under the Fifth and Fourteenth Amendments;

b. That this Court enter an order compelling Defendants to have a hearing over any "automatic decertification" matter prior to decertification;

c. That this Court declare 50 ILCS 705/6.1(a-1) is unconstitutional on its face because it deprives citizens of the ability to engage in a common occupation of the community (i.e. police officer) without notice, an opportunity to be heard, or a post-deprivation remedy;

d. That this Court declare the portion of 50 ILCS 705/6.1(a-1) reading "or any similar disposition provided for by law" unconstitutional on its face because it deprives citizens of the ability to engage in a common occupation of the community (i.e. police officer) without notice, an opportunity to be heard, or a post-deprivation remedy;

e. That this Court declare 50 ILCS 705/6.1(a-1) is unconstitutional as applied to Plaintiff;

f. That this Court award attorney fees and costs of this action; and

g. Any further relief this Honorable Court deems just and equitable.

<u>**COUNT IV – DECLARATORY & INJUNCTIVE RELIEF**</u>

97. Plaintiff incorporates and realleges paragraphs 1-96 of his Complaint as if fully set forth herein.

98. This Count is brought against all Defendants.

99. Pursuant to 28 U.S.C §§ 2201 and 2202, this Court is vested with the power to declare the rights and liabilities of all parties hereto and grant such other and further relief as may be necessary to enforce these rights.

100.    Defendants are without legal authority and acting contrary to the law of the State of Illinois and United States Constitution by decertifying Plaintiff without holding a hearing over the matter.

101.    Plaintiff has a high likelihood of success on the merits.

102.    Plaintiff has no other adequate remedy at law other than seek the jurisdiction of this Court because Defendants are acting outside the scope of their statutory authority, and contrary to Illinois law and the United States Constitution.

103.    Plaintiff will be irreparably damaged and injured in the event the Defendants continue to violate the United States Constitution.

104.    There is an immediate need for a judicial determination as to the scope, effect, and propriety of Defendants' conduct.

WHEREFORE, Plaintiff seeks the following relief as to Count IV of his Complaint:

a. That this Court declare 50 ILCS 705/6.1(a-1) violates Plaintiff's liberty interest

16

in his chosen occupation of police officer;

b. That this Court declare Defendants' refusal to hold a hearing considering Plaintiff's decertification deprived Plaintiff of his Substantive Due Process rights under the Fifth and Fourteenth Amendments;

c. That this Court enter an order compelling Defendants to reinstate Plaintiff's certification as a full-time law enforcement officer;

d. That this Court declare 50 ILCS 705/6.1(a-1) is void for vagueness and unconstitutional on its face;

e. That this Court declare 50 ILCS 705/6.1(a-1) is unconstitutional as applied to Plaintiff;

f. That this Court declare Defendants' refusal to hold a hearing considering Plaintiff's decertification deprived Plaintiff of his Procedural Due Process rights under the Fifth and Fourteenth Amendments;

g. That this Court enter an order compelling Defendants to have a hearing over any "automatic decertification" matter prior to decertification being imposed;

h. That this Court declare ILETSB Executive Director Calloway does not have lawful authority to automatically decertify, or decertify in any way, Plaintiff or any other law enforcement officer;

i. That this Court award attorney fees and costs of this action; and

j. Any further relief this Honorable Court deems just and equitable.

## <u>COUNT V – WRIT OF MANDAMUS</u>

105.     Plaintiff incorporates and realleges paragraphs 1-104 of his Complaint

as if fully set forth herein.

106.     This Count is brought against all Defendants.

107.     Director Calloway was without legal authority and acting contrary to the law of the State of Illinois by decertifying Plaintiff.

108.     Plaintiff has no other adequate remedy at law to compel Defendants to comply with the applicable provisions of the Act other than to invoke the equitable jurisdiction of this Court.

109.     Pursuant to §5/4-101 of the Illinois Code of Civil Procedure, this Court is vested with the power to grant Plaintiff a Writ of Mandamus enforcing this non-discretionary Act on the part of Defendants and grant such other and further relief as may be necessary to enforce those rights.

110.     Plaintiff was not lawfully subject to "automatic decertification" under the law.

111.     Absent a lawful decertification, ILETSB is compelled by law to return Plaintiff to his status as a certified full-time law enforcement officer.

WHEREFORE, Plaintiff seeks the following relief as to Count V of his Complaint:

a. That this Court order Defendants to immediately reinstate Plaintiff's certification.

b. That this Court adopt all appropriate relief requested in other Counts of this Complaint;

c. That this Court award attorney fees and costs of this action; and

d. Any further relief this Honorable Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

112.     Plaintiffs demand trial by jury for all issues that a jury trial is

appropriate.

Respectfully submitted,

/s/ *Keith A. Karlson*

Keith A. Karlson (ARDC# 6279194)
Mark S. McQueary (ARDC# 6322703)
MaryKate Hresil (ARDC# 6342104)
KARLSON GARZA McQUEARY LLC
235 Remington Boulevard, Suite 5B
Bolingbrook, Illinois 60440
(708)761-9030
kkarlson@kgmlawyers.com
mmcqueary@kgmlawyers.com
mkhresil@kgmlawyers.com

## VERIFICATION

I, Aaron Feiza, declare as follows:

1. I am the named Plaintiff in the present case, a citizen of the United States of America, citizen of the State of Illinois, and resident of the County of Kane.

2. I have personal knowledge of the matters identified in the foregoing Verified Complaint for Declaratory and Injunctive Relief, and if called to testify, I would testify as to the matters stated therein.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 27th day of March, 2023.

_____
Aaron Feiza