

**KARLSON GARZA McQUEARY LLC**

235 Remington Boulevard, Suite 5B
Bolingbrook, Illinois 60440

(708) 761-9030
www.kgmlawyers.com

September 12, 2022

Illinois Law Enforcement Training and Standards Board
Keith Calloway, Executive Director
4500 S. Sixth Street Road, Rm. 173
Springfield, Illinois 62703-6617

Re: <u>**Aaron J. Feiza PTBID: 65028869 –Demand for Hearing (Decertification)**</u>

Executive Director Calloway:

The undersigned is legal counsel for the Metropolitan Alliance of Police ("MAP"), the Union representing police officers and sergeants employed by the Kane County Sheriff's Police and one of the attorneys representing Aaron J. Feiza ("Feiza") in the above captioned matter. On or about September 7, 2022, the Illinois Law Enforcement Training and Standards Board ("ILETSB") tendered a letter to Sheriff Hain indicating "decertification of the officer's previous certification and ability to practice as a law enforcement officer in Illinois." Additionally, the "notice" indicated Feiza "sustained a conviction." The is incorrect as a matter of law.

As you know, ILETSB is an administrative agency. As such, "[A]n administrative agency has no inherent or common law power and may only act in accordance with the power conferred upon it by the legislature." *Austin Gardens, LLC v. City of Chicago Dep't of Admin. Hearings*, 2018 IL App (1st) 163120, ¶ 18. Here, ILETSB is exceeding its authority. Namely, it has decertified Feiza prior to the adjudication of his matter pending in the Kane County Circuit Court. To date, he has never entered a plea of guilty, plea of nolo contendere, plea involving supervision, conditional discharge, or first offender probation.

Furthermore, the decertification process violates fundamental fairness. Specifically, the "notice" of decertification was never sent to Feiza. Instead, it was only sent to Sheriff Hain and State's Attorney Mosser. Moreover, Feiza never received a hearing, an opportunity to present evidence, or even present argument in his defense. "Various cases have held that due process in an administrative proceeding requires the opportunity to be heard, the right to cross-examine adverse witnesses, and impartial rulings on the evidence." *Chamberlain v. Civil Serv. Comm'n of Vill. of Gurnee*, 2014 IL App (2d) 121251, ¶ 46.



EXHIBIT D

In light of the foregoing, <u>please allow this correspondence to serve as a formal demand for a hearing in this matter</u>. I look forward to your timely response. Should you refuse to grant Aaron Feiza a hearing, please notify me without delay so he may seek appropriate redress.

                                  Very truly yours,

                                  Mark S. McQueary