**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| AARON FEIZA )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>ILLINOIS LAW ENFORCEMENT )<br>TRAINING AND STANDARDS )<br>BOARD("ILETSB"), *et al.* )<br>    Defendants. )<br> ) | CASE NO. 1:23-cv-1905 |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

PLAINTIFF, AARON FEIZA, by and through his attorneys, KARLSON GARZA McQUEARY LLC, state as follows in Response to Defendants' Fed. R. Civ. P. 12(b)(1) and 12(b)(6) Motion to Dismiss:

**I.  The Standard for a 12(b)(6) Motion to Dismiss**

On a 12(b)(6) motion to dismiss, a Court "must accept as true all facts set forth in the complaint." *Hartford Underwriters Ins. Co. v. Guarantee Tr Life Ins. Co.*, No. 16 C 10478, 2017 BL 363804 at *2 (N.D. Ill. Oct. 10, 2017) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 572, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A district court should not dismiss a complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hamlin v. Vaudenberg,* 95 F3d. 580, 583 (7th Cir. 1996) (internal citation omitted). On a motion to dismiss, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018). The Court may consider exhibits attached to the complaint that pertain to facts set forth within the pleading. *Hartford,* No. 16 C 10478, 2017 BL 363804 at *2 (citing

1

*Thompson v. Ill. Dept. of Prof. Reg.,* 300 F.3d 750, 754 (7th Cir. 2002)). As explained more fully below, Defendants fail to meet their burden for a Motion to Dismiss.

### A. Defendants Motion to Dismiss Wrongly Relies on Extrinsic Documents

Motions to dismiss pursuant to Rule 12(b) are limited to the Complaint and documents attached thereto. *Hartford,* No. 16 C 10478, 2017 BL 363804 at *2 (citing Fed. R. Civ. P. 10(c)). Rule 12(d) states, "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Therefore, if the court relies on the additional documents it must convert to a motion for summary judgment but is not required to do so if it chooses to exclude the documents. *Hartford,* No. 16 C 10478, 2017 BL 363804 at *5 (citing to *Venture Associates Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

In *Hartford,* the Court denied a motion to dismiss where the movant relied on position papers filed in support of its motion. *Hartford,* No. 16 C 10478, 2017 BL 363804 at *5. The court reasoned, the additional documents fell "outside of the 'four corners' of the original complaint, as well as the narrowly construed exception of exhibits *attached to the complaint*, and so they are inadmissible when deciding a motion to dismiss." *Id.* at *5 (citing *Venture Associates Corp. v. Zenith Data Systems Corp.,* 987 F.2d 429, 431 (7th Cir. 1993)) (emphasis in original).

In *Levenstein v. Salafsky*, the court excluded extraneous documents attached to a motion to dismiss. 164 F.3d 345, 347 (7th Cir. 1998). It wrote, "[w]hile 'documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are *central* to his claim,' this is a narrow exception[.]" *Levenstein,* 164 F.3d at 347 (citing *Wright v. Associated Ins. Cos., Inc.,* 29 F.3d 1244, 1248 (7th Cir.1994))(emphasis in original).

This exception "is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment, and the defendants' perfunctory arguments for the centrality of these documents are unpersuasive." *Id.*

Here, Defendants attach approximately 303 pages, contained in sixteen exhibits, to their motion to dismiss. (ECF No. 12-1 through 12-16). Throughout their combined Motion to Dismiss and Response to Preliminary Injunction, Defendants ask this Court to rely on materials not included in and with Plaintiff's complaint. (ECF Nos. 12 and 12-1 through 12-16). At least seven times, Defendants rely on extraneous documents to support its request for dismissal. (ECF No. 12 at 15, 18, 19, 24). In addition, Defendants' statement of facts is predicated upon more than 40 citations to extrinsic evidence. (ECF No. 12 at 3-9). However, these extraneous documents are not central to Plaintiff's claim, nor are they referenced in the complaint. For example, drafts of agreements, emails, screenshots of websites, news articles, and a prosecutorial survey were submitted with no foundation or verification. Defendants' addition of 303 pages of documents seems to establish a factual dispute exist between the parties. As such, this Court should deny Defendants' motion to dismiss for being predicated upon extraneous documents.

In the alternative, should the Court choose to not deny the motion on this basis, this Court should ignore all extraneous information provided by Defendants in its consideration of the motion to dismiss. Alternatively, the Court may convert the motion to dismiss to a motion for summary judgment. Should the Court choose to convert Defendants' motion, Plaintiff requests leave to conduct additional discovery and separately brief a motion for summary judgment.

**B. Plaintiff Has a Liberty Interest in His License**

When considering a substantive due process claim, the Court considers whether a person's life, liberty, or property has been deprived without a sufficient justification. Defendants seem to confuse a liberty and a property interest. Defendants claim Plaintiff has no right to substantive due

3

process as he does not have a fundamental right to his certification as a police officer. (ECF 12 at 13). While it is true Plaintiff has no fundamental right to employment as a police officer with a particular employer, he does have a fundamental liberty interest in a common occupation in the community. The protectable liberty interest in pursuing one's chosen profession is enhanced when government regulates licensure of a profession.

In *Bigby v. City of Chicago*, the court considered whether police officers denied promotions, based on examinations, were deprived of a liberty interest. 766 F.2d 1053, 1057 (7th Cir. 1985). There, the court found the department did not impair a liberty interest because the promotional process only impacted whether officers could achieve a certain rank, it did not exclude them from the occupation of police officer. *Id.* The court distinguished, "But the examination challenged in this case, while it may prevent some sergeants from becoming lieutenants in the Chicago police force, does not exclude anyone from the occupation." *Id*. The court reasoned, "[t]o be a policeman is to follow a particular calling, and to be excluded from that calling is an infringement of liberty of occupation." *Id.*

Likewise, in *Becker v. Ill. Real Estate Admin. & Disc. Bd.*, the court considered whether a person convicted of a felony was subject to due process before his license to sell real estate was denied. 884 F.2d 955, 956 (7th Cir. 1989). There, the court determined, in part, whether the applicant had a liberty interest in a license to sell real estate protected by due process. *Id*. The Court noted, "the Supreme Court recognized that the 'right to work for a living in the common occupations of the community' is a form of liberty interest originating in the Constitution." *Id.* at 956 (internal citations omitted). The court held, "a state, in regulating eligibility for a particular type of professional employment, cannot 'foreclose a range of opportunities in a manner that contravenes due process, and specifically in a manner that denies the right to a full prior hearing.'" *Id.* at 956 (citing *Bd. of Regents v. Roth,* 408 U.S. 564, 574 (1972)).

4

The present circumstances fall into the category warned of in *Bigby*—the government is foreclosing Plaintiff from an entire profession in the state of Illinois based on an unconstitutionally vague statute. Plainly, Plaintiff has a liberty interest in his continued work as an Illinois police officer, a common occupation of the community. Particularly so when, like in *Becker*, the state has engaged in expansive regulation of the occupation at issue.

In Illinois, to be certified, a police officer must participate in regular training as determined by Illinois Law Enforcement Training Standards Board ("ILETSB"). ILETSB, by statute, determines the frequency and volume of training required, similar to that of an attorney or real estate agent. It is uncontroverted, Plaintiff is required to hold this State regulated certification to engage in the common occupation of police officer. The Act in question has permitted the State to strip Plaintiff of his certification without notice or hearing. Moreover, Defendants have threatened to charge Plaintiff with a class 4 felony if he works as a police officer. (ECF #1-3). Meaning, Defendants have deprived Plaintiff of a liberty interest – his ability to work in the common occupation of police officer.

For these reasons this Court should find Defendants unlawfully deprived Plaintiff of a liberty interest in his certification. Therefore, Defendants' Motion to Dismiss should be denied.

**C. The Act is Void for Vagueness**

Defendants' Motion to Dismiss should be denied because Plaintiff sufficiently alleges the Act is void for vagueness both facially and as applied to Plaintiff.

**1. The Act is void for vagueness on its face.**

On its face, the "any similar disposition provided for by law" provision within §6.1(a-1) is unconstitutionally void. Laws must: (1) "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly" and (2) "provide explicit standards for those who apply them" to prevent "arbitrary and discriminatory enforcement."

5

*Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). The Supreme Court held, "a regulation is not vague because it may at times be difficult to prove an incriminating fact but rather because it is unclear as to what fact must be proved." *FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012). Here, Plaintiff had no idea a state's attorney exercising her discretion to dismiss criminal charges would result in his being forbidden from working as a police officer, a common occupation of the community.

There is no ascertainable definition of "similar disposition" in the Act. Likewise, Defendant's Motion to Dismiss does not provide a clear definition of "similar disposition." A plain reading of the Act leads the ordinary person to believe a "similar disposition" to mean one where the officer has been found guilty, plead guilty, or has stipulated sufficient facts to prove guilt. Defendant fails to address this vagueness argument.

At the outset, all other dispositions named prior to the term "similar disposition" are statutory creations. In fact, all three dispositions cited by the Act are defined by the same statute. 730 ILCS 5/5-6-1. None are solely determined based on policy determinations made by a single elected official. Instead, they provide a state-wide standard for application of the disposition. Defendants' reading of "similar disposition" goes well beyond those strictures.

Defendants attempt to invoke the statutory construction canon of *ejusdem generis* to rescue the term "any similar disposition" from vagueness. Defendants spend a great deal of time claiming the dismissal of Plaintiff's State court criminal charges is just like supervision, which is expressly named in the Act. A plain review of the supervision statute demonstrates dismissal of charges, or even a deferral, is not a "similar disposition" to supervision.

730 ILCS 5/5-6-1(c) governs the disposition of supervision in Illinois. Section 6-1(c) provides conditions precedent for a disposition of supervision. A court may only dispose of a case

with supervision "upon a plea of guilty or a stipulation by the defendant of the facts supporting the charge or a finding of guilt…" 730 ILCS 5/5-6-1(c). A deferral or dismissal of charges does not require a guilty plea, nor does it require a stipulation of facts.

For supervision to be permissible, a court must conclude: "(1) the offender is not likely to commit further crimes; (2) the defendant and the public would be best served if the defendant were not to receive a criminal record; and (3) in the best interests of justice an order of supervision is more appropriate than a sentence otherwise permitted under this Code." *Id*. Again, a deferral or dismissal of charges does not require the court to take make any findings. None of the comparisons made by Defendants helps provide an ascertainable standard for the term "similar disposition" as contained in the Act. As such, Defendants' motion should be denied.

2. **The Act is unconstitutional as applied to Plaintiff.**

Plaintiff asserted an "as applied" vagueness challenge by asking the Court to declare 50 ILCS 705/6.1(a) is unconstitutional as applied to him. (ECF No. 1 at 14, Prayer for Relief ¶f). Nonetheless, largely based on improper extrinsic evidence, Defendants claim Section 6.1(a-1) is not vague as applied to Plaintiff because: (1) a website shows deferred prosecution in Kane County typically requires a video-taped confession, (2) supervision does not always require an admission or finding of guilt, and (3) deferred prosecution sometimes requires an admission or finding of guilt. (ECF No. 12 at 17). Each of these arguments is based upon impermissible extrinsic documents. Also, they fail to demonstrate how the exercise of a prosecutor's discretion to dismiss charges is a "similar disposition" to the other statutorily created dispositions named in the Act.

Defendants declare, "When or whether Plaintiff's felony criminal charges were later dismissed or the criminal judge voided all prior agreements is irrelevant, because the execution of the deferred prosecution agreement was the triggering event under §6.1(a-1). By automatic operation of law, Plaintiff was decertified upon execution of the deferred prosecution agreement

7

on August 1, 2022." (ECF No. 12 at 15-16). However, by operation of law, the deferred prosecution agreement is void and therefore cannot be relied on for decertification. *See Kelch v. Watson,* 237 Ill.App.3d 875, 877 (3d Dist. 1992)(holding a vacated order is a void order which "restore[s] the parties to their original status in the case") and *Ferguson v. City of Chi.*, 820 N.E.2d 455, 459 (Ill. 2004)(holding "*nol-prossing terminates the case* and returns the matter to the same conditions which existed before the prosecution commenced[.]").

In addition to the deferral agreement being void, it is not a "disposition." Like the term "vacate", Illinois courts turned to Black's Law Dictionary to define the term "disposition." See *People v. Oscar H.*, 362 Ill.App.3d 1106, 1117 (1st Dist. 2005). There, the court found "disposition" to mean, "a final settlement or determination or the court's disposition of the case." Here, the only "disposition" is the dismissal of charges.

Looking at the larger picture, every county's state's attorney's office has discretion to determine what cases it will charge, settle, dismiss, defer, or provide some sort of extra-statutory resolution. Defendants assert these prosecutorial policy decisions now serve as a basis for depriving a citizen of an occupational license. Meaning, a police officer in Kane County may be treated differently from officers in different counties across Illinois based on a local state's attorney discretion. The General Assembly most certainly did not intend to regulate police officers based upon a confederacy of policies created by fiat on a county-by-county basis. Each of the dispositions mentioned in the Act is based in statute and applies statewide. Despite Plaintiff never being found guilty, entering a plea of guilty, or stipulating to facts sufficient to establish guilt, Defendants still consider him "convicted" of a disqualifying felony. At no time were Illinois' police officers notified a deferral of prosecution agreement or dismissal of criminal charges would be deemed a "similar disposition" resulting in them being forever barred from policing.

Defendants have broadly interpreted the term "any similar disposition provided for by law" to include a dismissal of criminal charges by a state's attorney. However, the lack of an ascertainable standard deprives police officers of a clear understanding of what dispositions will be deemed "similar" to the outcomes of criminal cases more specifically defined by §6.1(a-1).

As explained above, dismissal of charges, or even a deferral, is not a "similar disposition" to supervision. Here, Plaintiff never pled guilty and never stipulated to facts sufficient to support charges or a finding of guilt. Plaintiff never provided any sort of recorded confession. As noted above, a deferral or dismissal of charges does not require a court to take make any findings. In fact, the charges in Plaintiff's criminal case were dismissed and the court had no power to deny the state's attorney's exercise of discretion to dismiss charges. The court specifically declared the prior deferral agreement/order void. (ECF No. 1-6). As such, §6.1(a-1) is unconstitutional as applied to Plaintiff. Therefore, Defendants' motion to dismiss should be denied.

Plaintiff's automatic decertification is premised on an agreement declared void by the criminal court. The sole disposition of Plaintiff's criminal case is a dismissal of all charges by the Office of the Kane County States Attorney. Nonetheless, Defendants continue to bar Plaintiff from engaging in a common occupation of the community based upon a void agreement. As such, the motion to dismiss should be denied.

**D. Plaintiff was denied procedural due process.**

"The Due Process Clause guarantees fair procedure." *Palka v. Cook County*, Case No. 07 C 5432, 2008 BL 279375 at *6 (N.D. Ill. Dec. 17, 2008)(internal citation omitted). "[T]o determine if a violation of procedural due process occurred, it is necessary to ask what process the Defendants provided, and whether it was constitutionally adequate." *Id.* "While due process is a flexible concept that varies with the particular situation, the Constitution requires some type of hearing before the government deprives a person of liberty or property." *Id.* (citing to *Loudermill,*

9

470 U.S. at 542). For a due process claim, the Court must balance: 1) the private interest at stake; 2) the risk of erroneous deprivation and the value, if any, of additional procedural safeguards; and 3) the government's countervailing interest. *Simpson v. Brown County*, 860 F.3d 1001, 1006 (7th Cir. 2017). Here, Plaintiff has an exceptional interest in protecting his occupational license. *Simpson*, 860 F.3d at 1008; see also *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 543 (1985)("the significance of the private interest in retaining employment cannot be gainsaid. We have frequently recognized the severity of depriving a person of the means of livelihood."). The risk of erroneous deprivation is incredibly high as this is irreversible. *Mackey v. Montrym*, 443 U.S. 1, 21 (1979)("When a deprivation is irreversible—as is the case with a license suspension that can at best be shortened but cannot be undone—the requirement of some kind of hearing before a deprivation takes effect is all the more important."). And Defendants failed to show any legitimate interest in depriving Plaintiff without due process. "[T]he public interest is also served when constitutional rights of all are protected, even when those rights are for an unpopular group of people." *Stone v. Jeffreys*, No. 21 C 5616, 2022 BL 353032 at *5 (N. D. Ill. Aug. 30, 2022).

      Defendants first assert Plaintiff has no protected interest and is therefore not subject to due process considerations. (ECF No. 12 at 21). In the alternative, Defendants assert if Plaintiff does have a protected interest, he has already been provided procedural due process through the criminal courts. (ECF No. 12 at. 22). As established, *supra,* Plaintiff has a protectable interest in his certification. *See Bigby v. City of Chicago*, 766 F.2d at 1057; *Becker*, 884 F.2d at 956.

      Defendants cite no authority permitting ILETSB to substitute its obligation to provide procedural due process with the process provided by a criminal proceeding. Defendant alleges "as a matter of law" Plaintiff was decertified the moment the deferred prosecution agreement was executed. (ECF No. 12 at 23). And justifies this allegation by asserting "Plaintiff essentially conceded that the underlying criminal behavior occurred, both in litigating motions to suppress

10

evidence and in negotiating a deferred prosecution agreement." (ECF No. 12 at 24). This has the effect of removing Plaintiff's presumption of innocence and punishes him for participating in the criminal legal remedies available to normal everyday citizens.

Many other professions provide process before or after a deprivation occurs. *See Becker,* 884 F.2d 955 (holding an applicant with a felony conviction should be provided due process of law after being denied a license) and *Simpson v. Brown County*, 860 F.3d 1001 (7th Cir. 2017)(denying a motion to dismiss where a government issued license was summarily revoked without adequate pre- or post-deprivation process). Likewise, here, the Act provides due process for discretionary decertification. Similarly, emergency suspension triggers notice and a post-deprivation hearing. However, automatic decertification occurs when an officer has "been convicted of, found guilty of, entered a plea of guilty to, or entered a plea of nolo contendere to, a felony offense under the laws of this State or any other state which if committed in this State would be punishable as a felony." 50 ILCS 705/6.3, 705/8.3, and 705/6.1(a). Defendants never explain why similar due process is unworkable when dealing with criminal "convictions."

This cases hinges on the meaning of the language contained in Section 6.1. In particular, the following provision is at issue: "a person is 'convicted of, or entered a plea of guilty to, plea of nolo contendere to, found guilty of' regardless of whether the adjudication of guilt or sentence is withheld or not entered thereon. This includes sentences of supervision, conditional discharge, or first offender probation, **or any similar disposition provided for by law**." 50 ILCS 705/6.1 (emphasis added). Defendants urge an unreasonable reading of this law.

Plaintiff argues Constitutional due process of law cannot be satisfied where "or any similar disposition provided for by law" cannot be reasonably defined or understood. Similarly, Defendants never point to any authority permitting ILETSB, or its executive director who issued Plaintiff's decertification letter, to interpret the Act. It does not give Plaintiff, or similarly situated

11

officers, notice of any ascertainable standard by which to govern themselves and then any opportunity for correction where there has either been a mistake or misunderstanding.

Plaintiff agrees the government has a legitimate interest in licensing Illinois' police officers. However, this important interest does not automatically outweigh a citizen's right to substantive and procedural due process. As such, Defendants' Motion to Dismiss should be denied as Plaintiff sufficiently plead a procedural due process violation.

### E. Plaintiff's supplemental claims

Plaintiff's request for Declaratory and Injunctive relief are premised on the preceding arguments. Therefore, his arguments are preserved and should the Court find his Substantive and Procedural Due Process rights were violated and find the Act void for vagueness, he seeks declaratory and injunctive relief.

Defendants contest this Court's jurisdiction to issue a Writ of Mandamus. (ECF No. 12 at 25). The basis for this argument is that all other claims fail so Plaintiff loses its supplemental jurisdiction in the matter permitting this Court to issue the Writ. (ECF No. 12 at 25). Because Plaintiff can establish standing (*infra*), and substantive and procedural due process violations (*supra*), the Court should retain the claims brought under supplemental jurisdiction.

## II. Plaintiff Has Standing Under 12(b)(1)

Defendants took away Plaintiff's occupational license. Plaintiff sued Defendants based upon the deprivation of the license. Yet, Defendants have the audacity to assert Plaintiff lacks standing to sue. Defendants' argument in this regard is without merit.

Plaintiff reasserts Defendants' may not rely on additional, extraneous documentation in support of a 12(b) motion. *See Hartford*, No. 16 C 10478, 2017 BL 363804 at *5 (N.D. Ill. Oct. 10, 2017)(denying a motion to dismiss based on extraneous documents "outside of the 'four

corners' of the original complaint."). However, Defendants' Motion to Dismiss should be denied as Plaintiff standing to sue.

To establish standing, a Plaintiff must show (1) "an injury in fact" with a (2) "causal connection between the injury and the conduct complained of" that is (3) "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (internal citations omitted).

An injury in fact is the invasion of a protected interest that is both concrete and particularized and actual or imminent. *Id.* at 560. Defendants allege Plaintiff lacks standing for a failure to have a cognizable liberty interest in his certification as a police officer. (ECF No. 12 at 11). Defendants cite to a series of "distinguishing" factors, such as durability, meeting age or educational requirements, being state-sponsored, or occupation specific, to show certification is nothing like licensure, for which a person typically has due process of law before or following a deprivation. (ECF No. 12 at 12-13). However, Defendants cite to no authority establishing why the factors it chose to cite somehow make or break a substantive and/or procedural due process claim. The durability of a license has no relation to Plaintiff's right to substantive and procedural due process. In the end, Plaintiff filed suit based on Defendants taking his license. Plaintiff is harmed by Defendants' deprivation in this regard and this Court has the power to provide redress.

Conversely, as shown *supra*, Plaintiff has a cognizable liberty interest in the pursuit of a common occupation. *See Becker,* 884 F.2d at 956 (holding right to work for a living in the common occupations of the community' is a form of liberty interest originating in the Constitution.) and *Bigby,* 766 F.2d at 1057 (holding "[t]o be a policeman is to follow a particular calling, and to be excluded from that calling is an infringement of liberty of occupation."). Defendants do not contest any other portion of the *Lujan* standing schema. However, Plaintiff

was, is, and continues to be injured by his Defendants' ongoing unlawful deprivation. A finding in Plaintiff's favor mandating reinstatement of his occupational license would redress his injury.

WHEREFORE, Plaintiff, AARON FEIZA, respectfully requests this Honorable Court enter an Order denying the Defendants' Motion to Dismiss or in the alternative, be allowed to amend his complaint.

Respectfully submitted,

/s/ *Keith A. Karlson*

Keith A. Karlson (ARDC# 6279194)
MaryKate Hresil (ARDC# 6342104)
KARLSON GARZA McQUEARY LLC
235 Remington Boulevard, Suite 5B
Bolingbrook, Illinois 60440
(708)761-9030
kkarlson@kgmlawyers.com
mkhresil@kgmlawyers.com