# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AARON FEIZA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23 cv 1905 |
| | ) |
| ILLINOIS LAW ENFORCEMENT | ) Hon. Virginia M. Kendall |
| TRAINING AND STANDARDS | ) |
| BOARD ("ILETSB"), *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### INTRODUCTION

As explained in the Defendants' opening brief, Plaintiff's complaint should be dismissed because Plaintiff lacks standing to bring his claims and because he fails to state plausible procedural due process and substantive due process claims. Plaintiff's response to Defendants' motion to dismiss is deficient, and continues Plaintiff's efforts at gamesmanship. First, Plaintiff complains that Defendants attached extrinsic evidence to their Combined Memorandum in Support of Their Motion to Dismiss and in Opposition to Plaintiff's Motion for a Preliminary Injunction. However, as Defendants clearly cited in their brief, this Court may take judicial notice of information on government websites and in court records, including those of the underlying state court proceedings without converting Defendants' motion to dismiss to a motion for summary judgment. Second, Plaintiff lacks standing because a law enforcement certification is different from a durable occupational license. There is no liberty or property interest connected to a law enforcement certification. Third, Plaintiff conflates procedural and substantive due process

requirements. Plaintiff has neither a protected property interest under procedural due process nor a fundamental right to be a law enforcement officer as required for a substantive due process claim. Fourth, Plaintiff's facial and as-applied vagueness challenges fail. Plaintiff has not shown that the Act is vague in all applications as required for a facial challenge, and while Plaintiff asserts that the Act is unfair as applied, Plaintiff does not cogently argue that the Act is unconstitutionally vague as applied. Fifth, Plaintiff forfeits a response to Defendants' substantive arguments regarding Plaintiff's writ of mandamus claim. Finally, because Plaintiff's other claims fail, Plaintiff's injunctive relief and declaratory judgment claims similarly fail. For all of these reasons and the reasons in Defendants' opening brief, Plaintiff's Complaint should be dismissed.

**I.  This court may take judicial notice of public records without converting Defendants' motion to dismiss to a motion for summary judgment.**

Plaintiff complains that Defendants attached extrinsic evidence to their motion to dismiss brief. (ECF No. 15 at 2-3). However as Defendants explained in their brief (ECF No. 12 at 2, 6[1]), this Court may take judicial notice of information on government websites and in court records, including records of the underlying state court proceedings. *See, e.g.*, *Streight v. Pritzker*, No. 21 cv 50339, 2021 U.S. Dist. LEXIS 180894 at *8 (N.D. Ill., Sept. 22, 2021); *Lietzow v. Vill. Of Huntley*, No. 17 cv 5291, 2018 U.S. Dist. LEXIS 202536, at *7 (N.D. Ill. Nov. 29, 2018). Further, "[t]aking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment." *Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012). "A court may take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned." *Id.; see also Phillips v. Illinois Dept. of*

---

[1] Page citations to Defendants' opening brief refer to the page numbers at the bottom of each page, not the ECF header.

*Fin. & Prof. Reg.*, No. 16 C 11157, 2019 U.S. Dist. LEXIS 7365, at *11 (N.D. Ill. Jan. 16, 2019) (Kendall, J.).

The documents Plaintiff complains about (*see* ECF No. 15 at 3) clearly fall into categories in which a court may take judicial notice. They consist of transcripts of the underlying court proceedings (which were attached simply to show the positions of the parties in the underlying proceedings and comments made by the presiding judge) and information published in the Kane County Circuit Court website. (ECF Nos. 12-4, 12-10, 12-12, 12-13). There is also one document cited to in the motion to dismiss that is a letter from the Board to the Kane County Sheriff, which Plaintiff attached to the Complaint. (*Compare* ECF No. 1-7 *with* ECF No. 12-15). An exhibit to a complaint "is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

The cases cited by Plaintiff do not demand a contrary result. Plaintiff cites *Hartford Underwriters Ins. Co. v. Guarantee Trust Life Ins. Co.*, No. 16 C 10478, 2017 U.S. Dist. LEXIS 167529 (N. D. Ill. Oct. 10, 2017), which is inapposite. Hartford sued Guarantee Trust Life ("GTL") and Platinum Supplemental Insurance, Inc. ("Platinum"), seeking a declaratory judgment that Hartford did not have to indemnify GTL in a dispute GTL had with Platinum. *Id.* at *1. To determine indemnity, a court looks only to the insurance policy itself, which Hartford properly attached to the complaint. *Id.* at *6. GTL filed a motion to dismiss attaching additional documents regarding an arbitration settlement between GTL and Platinum. *Id.* at *9. The court found that GTL improperly attached the arbitration documents to its motion to dismiss when Hartford's complaint did not raise the arbitration settlement issue. *Id.* at *10.

The other case cited by Plaintiff, *Levenstein v. Salafsky*, 164 F.3d 345 (7th Cir. 1998), is of limited utility because it does not specify what types of documents the Defendant had attached to the motion to dismiss. In any event, *Levenstein* notes that a different Seventh Circuit case

reached the opposite conclusion. *Id.* at 347 (citing *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "A plaintiff is under no obligation to attach to her complaint documents upon which her action is based, but a defendant may introduce certain pertinent documents if the plaintiff failed to do so." *Venture Associates Corp.* 987 F.2d at 431 (internal citation omitted). Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim. *Id.*

Here, the documents Defendants attached to their combined memorandum in support of their motion to dismiss and in opposition to Plaintiff's motion for a preliminary injunction are Plaintiff's criminal case transcripts and orders that are directly related to and the subject of Plaintiff's complaint, which challenges Plaintiff's criminal case disposition vis-à-vis the Police Training Act. Indeed, Plaintiff himself attaches two orders from Plaintiff's criminal case to his Complaint. (ECF Nos. 1-2, 1-6). The disposition of Plaintiff's criminal proceedings is central to Plaintiff's claim, and therefore publicly available records of those proceedings are properly appended to Defendants' motion to dismiss. Of the 16 exhibits attached to Defendants' combined memorandum, 12 are transcripts, orders, or other publicly filed documents from Plaintiff's criminal proceeding. (*See* ECF Nos. 12-1, 12-2, 12-4 through 12-14). This also means that Plaintiff's request to conduct discovery regarding these documents completely misses the mark. The documents originate from a proceeding in which Plaintiff was involved and was represented by counsel. It is unclear on what basis Plaintiff would require discovery regarding his own criminal proceeding.

Further, the documents were not attached to a stand-alone motion to dismiss; rather, they also provide context to the Court in deciding Plaintiff's pending motion for a preliminary

injunction. As Plaintiff points out, the motion to dismiss portion of the brief was specific as to which documents Defendants relied on regarding dismissal. (ECF No. 15 at 3). As discussed, each document cited in the motion to dismiss portion of the brief is one in which the Court may take judicial notice. The Court may consider these documents when deciding the motion to dismiss.

### II. Plaintiff lacks standing because a law enforcement certification is different from a durable occupational license.

As discussed in Defendants' opening brief, Plaintiff lacks standing to bring this claim because he does not have a legally protected interest in his certification to be a law enforcement officer. (ECF No. 12 at 11-13). In response, Plaintiff claims that he has standing because he has a protected liberty interest in his law enforcement certification. (ECF No. 15 at 3-5). But as discussed further below in Section IV, Plaintiff's reliance on *Bigby v. City of Chicago*, 766 F. 2d 1053, 1057 (7th Cir. 1985) and *Becker v. Illinois Real Estate Administration and Disciplinary* Board, 884 F. 2d 955, 956 (7th Cir. 1989) is misplaced, because law enforcement certifications are distinguishable from durable occupational licenses. Because law enforcement certifications are not transferable from employer to employer the way occupational licenses are, Plaintiff's interest, whatever it may be, in his law enforcement certification is logically less than that of a person with a durable occupational license. Moreover, as explained in the motion to dismiss, Plaintiff lacks a protectable liberty interest because "[n]o one has a 'fundamental right' to be a law-enforcement officer." *Yates v. City of Chicago*, 58 F.4th 907, 909 (7th Cir. 2023). Without a protected interest, Plaintiff lacks standing to challenge his law enforcement decertification.

### III. Plaintiff's procedural due process claim fails.

Plaintiff's complaint contains both a substantive due process count (Count I) and a procedural due process count (Count III). ECF No. 1. However, Plaintiff's response brief conflates the procedural due process concepts of property interest and liberty interest and the requirement

of substantive due process that the challenged government interference implicate a fundamental right.

### a. Plaintiff does not have a protected property interest in his law enforcement certification.

In their opening brief, Defendants explained that Plaintiff does not have a protected property interest in his law enforcement certification because law enforcement certification at issue is distinguishable from occupational licenses. (ECF No. 12 at 11-13). Plaintiff indignantly argues that these distinctions do not matter, but does not dispute that these distinctions do in fact exist. (ECF No. 15 at 13).

Importantly, Plaintiff does not address the statutory language of the Act which explicitly provides that "[a]n individual *has no property interest in law enforcement certification* at the time of initial certification or at any time thereafter, including, but not limited to, after decertification or after the officer's certification has been deemed inactive." 50 ILCS 705/6.7 (emphasis added). Property interests are not inherent, nor are they created by the Constitution. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). "Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law -- rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.* Therefore, the Act's provision explicitly stating that the State is not creating a property interest in the certification by itself shows that there is no property interest.

The other factors distinguishing a law enforcement certification from an occupational license – such as durability and the level of education required before being hired into a qualifying position – simply underline this point. And while Plaintiff argues that Defendants have not cited any cases that indicate these distinctions matter, Plaintiff for his part has not cited any case where a Court found a property interest in a certification that lacks durability, does not require formal

6

education prior to being hired into a qualifying position, and where the General Assembly has explicitly stated that no property interest is being created. A law enforcement certification is not akin to an occupational license and Plaintiff cannot use occupational licensing cases to argue for a property interest where none exists.

### b. Plaintiff's criminal proceedings afforded adequate process.

Plaintiff takes issue with Defendants' assertion that Plaintiff's criminal proceedings afforded adequate process. (ECF No. 15 at 10). This assertion, however, is supported by the Act's statutory scheme. The Act provides that discretionary decertification may occur when there is evidence that an officer committed a disqualifying offense, even if the officer is not charged with an offense. 50 ILCS 705/6.3. But discretionary decertification under the Act requires pre-deprivation process. *Id.*

Automatic certification, on the other hand, occurs when an officer is "convicted of" an offense, with "convicted of" being defined as "been convicted of, found guilty of, entered a plea of guilty to, or entered a plea of nolo contendere to, a felony offense under the laws of this State or any other state which if committed in this State would be punishable as a felony." 50 ILCS 705/6.1(a). Further, "[f]or purposes of [Section 6.1], a person is "convicted of, or entered a plea of guilty to, plea of nolo contendere to, found guilty of" regardless of whether the adjudication of guilt or sentence is withheld or not entered thereon. This includes sentences of supervision, conditional discharge, or first offender probation, or any similar disposition provided for by law." 50 ILCS 705/6.1(a-1). What all of these dispositions have in common is that the accused is afforded the full panoply of rights of a criminal defendant and the opportunity to take advantage of the process available to an accused in criminal court.

The implication is that discretionary decertification, which can be based on *uncharged* conduct, requires pre-deprivation process, and when there are no criminal case proceedings ILETSB must provide that process. Meanwhile, charged conduct that results in a criminal conviction as defined by the Act triggers automatic decertification because the individual was already provided full process in the underlying criminal proceedings.

IV. **Plaintiff's substantive due process claim fails because Plaintiff does not have a fundamental right to be a law enforcement officer.**

Plaintiff ignores the recent Seventh Circuit case cited in Defendants' motion to dismiss which held that "[n]o one has a 'fundamental right' to be a law-enforcement officer." *Yates*, 58 F.4th at 909. Further, Plaintiff does not address the rational basis test for substantive due process claims at all. Instead, Plaintiff relies on dicta from *Bigby*, 766 F. 2d at 1057. The phrase Plaintiff from that opinion ("[t]o be a policeman is to follow a particular calling, and to be excluded from that calling is an infringement of liberty of occupation") was unnecessary to the court's holding because the examination at issue in *Bigby* did not exclude anyone from an occupation. *Id.* This Court should therefore afford *Bigby* little weight.

Further, even if Plaintiff does have a liberty interest in his chosen occupation, substantive due process is only concerned with *fundamental* rights. Plaintiff states that "[w]hile it is true Plaintiff has no fundamental right to employment as a police officer with a particular employer, he does have a fundamental liberty interest in a common occupation in the community." (ECF No. 15 at 4). This assertion is incorrect. Plaintiff relies on *Becker*, 884 F. 2d at 956, in his discussion of liberty interests in a common occupation in the community. (ECF No. 15 at 4). But *Becker* involved only a *procedural* due process claim. 884 F. 2d at 957. Plaintiff cannot use *Becker's* discussion of occupational liberty interests with respect to procedural due process to create a fundamental right under substantive due process.

Once again, there is no fundamental right to be a police officer. *Yates*, 58 F.4th at 909. As explained in the motion to dismiss, the Act easily passes the rational basis test. Therefore, Plaintiff's substantive due process claim fails.

**V.   Count II does not state a plausible claim because the Act is not unconstitutionally vague.**

Plaintiff continues to misstate Defendants' position by claiming that "Defendants have broadly interpreted the term 'any similar disposition provided for by law' to include a dismissal of criminal charges by a state's attorney. (ECF No. 15 at 9; *see also* ECF No. 4. at 7). But as stated in their opening brief, "Defendants' position was and is that an executed deferred prosecution agreement for a felony offense triggers the automatic decertification provision in the Act. The relevant date is August 1, 2022, the date that Plaintiff's executed deferred prosecution agreement was accepted and filed with the court." (ECF No. 12 at 15). Whether Plaintiff's felony criminal charges were later dismissed or the criminal judge voided all prior agreements is irrelevant, because the execution of the deferred prosecution agreement was the triggering event under § 6.1(a-1). By automatic operation of law, Plaintiff was decertified upon execution of the deferred prosecution agreement on August 1, 2022. A criminal court's entry of an order more than four months later does not undo the automatic decertification.

**A. Plaintiff's facial voidness challenge of § 6.1(a-1) fails.**

First, Plaintiff fails to address Defendants' argument that a facial voidness challenge fails where, as here, Plaintiff has not made a showing that the statute is unconstitutionally vague in all possible applications. *Kissick v. Huebsch*, 956 F. Supp. 2d 981, 996 (W.D. Wis. 2013) (citing *United States v. Rybicki*, 354 F.3d 124 (2d Cir. 2003) (*en banc*)). Plaintiff's failure to respond to these arguments forfeits his right to respond on those issues. *See Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1043 (7th Cir. 1999) ("[b]y failing to respond responsively to the motion to

9

dismiss" plaintiff forfeited her right to continue litigating her claim). Second, Plaintiff concedes that there is no fundamental right to be a law enforcement officer (ECF No. 15 at 4), but asserts that Plaintiff has a "fundamental liberty interest" in a common occupation in the community. Plaintiff again conflates procedural and substantive due process terms. Plaintiff has not cited to any authority that a protected liberty interest for procedural due process purposes translates to a fundamental right under vagueness analysis. There is no constitutional right to work as a law enforcement officer. *Yates*, 58 F.4th at 909. Therefore, the Act does not implicate a fundamental right. Plaintiff's facial challenge to the Act fails.

### B. The Act is not unconstitutionally vague as applied to Plaintiff.

Plaintiff's as-applied vagueness challenge relies on a tortured construction of the facts which should be disregarded. Plaintiff entered into a deferred prosecution agreement on July 28, 2022, which was accepted by the court and filed on August 1, 2022. (ECF No. 1 ¶¶ 51-54). By automatic operation of law, Plaintiff was decertified upon the entry of the deferred prosecution agreement pursuant to the Act. Plaintiff's automatic decertification by operation of law was memorialized in a letter to Kane County Sheriff Ronald Hain on September 7, 2022. (ECF No. 1 ¶ 56). When Plaintiff's criminal case was dismissed months later on December 19, 2022, the judge vacated all prior agreements or dispositions. (ECF No. 1 ¶ 66; ECF No. 1-6). Thus, according to Plaintiff, "the deferred prosecution agreement is void and therefore cannot be relied on for decertification." (ECF No. 15 at 8). Plaintiff cites *Kelch v. Watson*, 237 Ill. App. 3d 875, 877 (3d Dist. 1992) for the proposition that a vacated order is a void order. But Plaintiff's construction of the facts in this case avoids the obvious fact that Plaintiff's decertification had already taken place as of August 1, 2022. The state court judge's subsequent vacatur of "all prior orders and agreements" did not unring the decertification bell. But all of this has nothing to do with whether

the Act is unconstitutionally vague as applied to Plaintiff. Although Plaintiff believes the Act is *unfair* as applied to him, this alleged unfairness does not render the Act unconstitutionally *vague* as applied to Plaintiff.

**VI.     Plaintiff forfeits any argument that Plaintiff has a viable writ of mandamus claim.**

Plaintiff fails to respond to Defendants' arguments that Plaintiff's writ of mandamus claim fails. (ECF No. 12 at 12). While Defendants did explain that Plaintiff's writ of mandamus claim is not a standalone claim and thus rises and falls with Plaintiff's other claims, Defendants raised two substantive issues that Plaintiff fails to address. First, Plaintiff fails to cite any authority for the proposition that a state statute (736 ILCS 5/14, apparently wrongly cited by Plaintiff as § 5/4-101) can vest federal courts with jurisdiction to issue a writ of mandamus under state law. Second, Plaintiff fails to address Defendants' argument that federal courts "have no authority to issue writs of mandamus to direct state officials in the performance of their duties." ECF No. 12 at 26 (citing *In re Campbell*, 264 F. 3d 730, 731 (2001)). Federal courts may grant mandamus under 28 U.S.C. § 1651 (the All Writs Act) against other federal courts, federal agencies, or federal officials, *Campbell*, 264 F. 3d at 731, but "federal courts lack 'jurisdiction to issue a mandamus against state officials for violating their duties under state law.'" *Banks v. Illinois*, 258 F. App'x 902, 902 (7th Cir. 2007); *see also Coniston Corp v. Hoffman Estates*, 844 F.2d 461, 469 (7th Cir. 1988); *Campbell*, 264 F.3d at 731-32. Plaintiff's failure to respond to these arguments forfeits his right to respond on those issues. *See Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1043 (7th Cir. 1999) ("[b]y failing to respond responsively to the motion to dismiss" plaintiff forfeited her right to continue litigating her claim). Plaintiff's request for a writ of mandamus should be dismissed accordingly.

**CONCLUSION**

WHEREFORE, for these reasons and for those set forth in Defendants' Combined Memorandum in Support of Their Motion to Dismiss and in Opposition to Plaintiff's Motion for a Preliminary Injunction (ECF No. 12), Defendants respectfully request this Honorable Court grant their motion to dismiss Plaintiff's complaint with prejudice.

Dated: May 19, 2023

Respectfully submitted,

KWAME RAOUL
*Attorney General*
*State of Illinois*

/s/ Hal Dworkin
HAL B. DWORKIN
MARCI L. SAHINOGLU
Assistant Attorneys General
Office of the Illinois Attorney General
100 W. Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-5159
(312) 636-5595
Hal.Dworkin@ilag.gov
Marci.Sahinoglu@ilag.gov